UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 6315 MAGAZINE, LLC | CIVIL ACTION NO. 20-1472 |
| VERSUS | JUDGE BARRY ASHE |
| FLOT NOLA, LLC, ET AL. | MAGISTRATE JUDGE KAREN ROBY |

MOTION TO DISMISS CLAIMS PURSUANT TO FED. R. CIV. P. 12(B)(6)

**NOW COME** Defendants Cecil Roebuck, Lydia Breighner, Float Nola, LLC, f/k/a Flot Nola, LLC ("Flot Nola"), Reset, LLC, International Therapeutic Floatation Conference, LLC, Buoyance, Inc., and The Float Conference LLC, who move the Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff 6315 Magazine, LLC's claims for alleged violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act and for fraud, libel, harassment, breach of consent judgment, and attorneys' fees.

This lawsuit is the fifth one filed relating to a broken landlord-tenant relationship between Flot Nola, LLC and 6315 Magazine.[1] In it, 6315 Magazine complains that Flot Nola and its owners, Cecil Roebuck and Lydia Breighner, fraudulently induced it to lease property located at 6024 Magazine St.; that it advanced $104,000 to Flot Nola to develop the property; that Flot Nola, Roebuck, and Breighner misappropriated the $104,000; that Flot Nola breached the lease in other

---

[1] The other four lawsuits were filed in Civil District Court in Orleans Parish and are pending in Division M before Judge Paulette Irons. They bear civil action numbers 2019-03041, 2019-03641, 2019-09993, and 2020-0335.  Three of the lawsuits (Civil Action Nos. 2019-03041, 2019-09993, and 2020-0335) were filed by 6315 Magazine in furtherance of its effort to evict Flot Nola.  In those suits, Flot Nola maintained that 6315 Magazine was seeking to evict it because it wanted to repossess property it leased to Flot Nola after Flot Nola fully renovated it because 6315 Magazine believed it could re-lease the developed property at a greater profit than what it stood to receive over the 10-year lease term with Flot Nola.  Initially, Flot Nola opposed 6315 Magazine's efforts to evict it from the property it worked so hard to develop, and which it was using to conduct business.  But eventually, Flot Nola chose to stop fighting 6315 Magazine's eviction efforts because the landlord-tenant relationship had become so unworkable.  The fourth suit pending before Judge Irons (Civil Action No. 2019-03641) was filed by Flot Nola against 6315 Magazine seeking amounts 6315 Magazine owes to Flot Nola.  6315 Magazine reconvened in that suit making many of the same allegations contained in its Complaint in this case and asserting many of the same state law claims.

ways; that it evicted Flot Nola; that Flot Nola damaged the leased property when it was vacating it; and that Roebuck thereafter disparaged 6315 Magazine's owner, Anthony Zelenka, in an email and harassed 6315 Magazine by encouraging a subcontractor to place a lien on the property.  *Doc. 1, Compl. at ¶¶3, 6-10, 36-38, 41, 45-47, 49-52*.

Rather than continue to litigate its claims in state court, Flot Nola seeks access to federal court to change the venue and increase its potential damages by characterizing its run-of-the-mill dispute with Flot Nola as a RICO claim.  To do so, 6315 Magazine alleges that other companies Roebuck owns defrauded other people in other transactions to which 6315 Magazine was not a party.  Based on its allegations, 6315 Magazine asks the Court to infer that all of the Defendants are an "associated-in-fact" RICO enterprise that Roebuck is operating through a pattern of mail and wire fraud and seeks a judgment against Roebuck individually pursuant to 18 U.S.C. §1962(c) for the damages it claims it suffered by leasing property to Flot Nola.  Additionally, although 6315 Magazine has not alleged that the other defendants had knowledge or of participated in the so-called pattern of racketeering activity, it seeks to hold them liable as RICO co-conspirators pursuant to 18 U.S.C. §1962(d).

In addition, 6315 Magazine seeks:

- Damages from all Defendants for **fraud** because Flot NOLA allegedly did not use all of the $104,000 provided by 6315 Magazine to improve the property located at 6024 Magazine St.;

- Damages from Flot Nola for allegedly **breaching the lease**;

- Damages from Flot Nola, Roebuck, and Breighner for allegedly **damaging the leased property** and **converting property**;

- Damages from Roebuck for **<u>harassment</u>** for allegedly "enticed" a contractor to place a lien on the property;

- Damages from Roebuck for allegedly **<u>libeling</u>** its owner, Zelenka, in an email;

- Damages from Flot Nola for allegedly **<u>breaching a consent judgment</u>** entered in state court; and

- Attorneys' fees from all Defendants pursuant to the lease.

As explained more fully in the attached supporting memorandum, the Court should dismiss 6315 Magazine's:

1. RICO claim against Roebuck pursuant to 18 U.S.C. §1962(c) because the Complaint fails to allege that Roebuck conducted the alleged associated-in-fact enterprise through a pattern of racketeering activity or that 6315 Magazine was injured as a result of any pattern of racketeering activity;

2. RICO conspiracy claim against all other defendants pursuant to 18 U.S.C. §1962(d) because the Complaint fails to allege a viable RICO claim against Roebuck or that any of the aforementioned defendants had knowledge of or agreed to participate in the alleged racketeering activity or took any overt acts in furtherance of it;

3. Fraud claim against all Defendants because misuse of tenant improvement funds does not constitute fraud.  Alternatively, the Court should dismiss 6315 Magazine's fraud claim against Reset, International Therapeutic Floatation Conference, Buoyance, Inc., and The Float Conference because 6315 Magazine did not allege that those defendants represented anything to 6315 Magazine about the use to which the funds would be put or that any of them used the funds for any purpose;

4. Harassment claim against Roebuck because 6315 Magazine has not alleged that Roebuck owed any duty to it that precluded it from encouraging a contractor to place a lien on the property;

5. Libel claim against Roebuck because it has not alleged that Roebuck stated any untrue fact about 6315 Magazine or that it suffered any resulting damages;

6. Breach of Consent Judgment claim against Flot Nola because the appropriate means for 6315 Magazine to seek relief for any alleged violation of the consent judgment is through a motion for contempt filed in state court; and

7. Claim for attorneys' fees because attorneys' fees are an element of recovery, not an independent claim. Moreover, 6315 Magazine claims entitlement to attorneys' fees pursuant to the lease, but none of the defendants other than Flot Nola are parties to the lease.

Although Flot Nola denies liability on 6315 Magazine's claim against Flot Nola breach of the lease and its claim against Flot Nola, Roebuck, and Breighner for property damage and conversion, it does not seek to dismiss those claims pursuant to Fed. R. Civ. P. 12(b)(6).

WHEREFORE, Defendants pray that the Court grant their Motion to Dismiss and dismiss all of 6315 Magazine's claims, other than its breach of contract claim against Flot Nola and its claim against Flot Nola, Roebuck, and Breighner for property damage and conversion. After granting Defendants' motion and dismissing the claims that are the subject of it, this Court should remand 6315 Magazine's remaining claims to state court where Judge Irons, who already is familiar with the underlying facts and the parties, can adjudicate them.

[signature on following page]

Respectfully submitted,

**ADAMS AND REESE LLP**

/s *Elizabeth A. Roussel*
ELIZABETH A. ROUSSEL (#27943)
GRAHAM H. WILLIAMS (#36731)
4500 One Shell Square
New Orleans, LA   70139
Telephone:  (504) 581-3234
Facsimile: (504) 566-0210
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been delivered to all counsel of record, by depositing a copy of same in the United States mail, first class postage prepaid at their last known address of record, or by electronic mail, or by ECF Notice, or by facsimile transmission or by hand delivery today, the 14th day of July, 2020.

/s *Graham H. Williams*